Sharon Chau, Esq.
Counsel for the Petitioner
National Labor Relations Board
Region 22
20 Washington Place, 5th Floor
Newark, New Jersey 07102
Telephone: (862) 229-7046
Sharon.chau@nlrb.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD FOX, | : |
| Acting Regional Director of Region 22 | : |
| of the National Labor Relations | : |
| Board for and on behalf of the | : |
| National Labor Relations Board, | : |
| | : |
| Petitioner, | : |
| v. | :     Civil No.  21- |
| | : |
| ARBAH HOTEL CORP. | : |
| d/b/a MEADOWLANDS VIEW HOTEL | : |
| | : |
| Respondent. | : |
| | : |

## PETITION FOR INJUNCTIVE RELIEF UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

TO:   The Honorable Judges of the United States District Court for the District of
New Jersey:

Comes now Richard Fox, Acting Regional Director of Region 22 of the National

Labor Relations Board ("the Board") and petitions this Court for and on behalf of the

Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, 61

Stat. 149, 73 Stat. 544, 29 U.S.C. § 160(j), ("the Act"), for appropriate injunctive relief

pending the final disposition of the unfair labor practice matter involved herein pending

before the Board alleging, *inter alia*, that Arbah Hotel Corp. d/b/a Meadowlands View

Hotel ("Respondent"), located at 2750 Tonnelle Ave., North Bergen, New Jersey, has

engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1), (3) and (5) of the Act.  In support thereof, the Petitioner respectfully shows as follows:

1.       The Petitioner is the Acting Regional Director of Region 22 of the Board, an agency of the United States Government, and files this Petition for and on behalf of the Board.

2.       Jurisdiction of this court is invoked pursuant to Section 10(j) of the Act.

3.       (a)       On or about March 4, 2020, New York Hotel and Motel Trades Council, AFL-CIO, ("the Union") pursuant to provisions of the Act, filed a charge with the Board in Case 22-CA-257539, alleging that Respondent has engaged in and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1), (3) and (5) of the Act. The Union filed an amended charge on June 5, 2020.[1] Copies of the charge and amended charge are attached hereto as Exhibits 1(a) through 1(b) and made a part hereof.

(b)       On or about May 5, 2020, the Union, pursuant to provisions of the Act, filed a charge with the Board in Case 22-CA-259975 alleging that Respondent has engaged in and is engaging in, unfair labor practices within the meaning of Section 8(a)(5) of the Act. A copy of the charge is attached hereto as Exhibit 2 and made a part hereof.

4.       (a)       The aforesaid charges were referred to the Regional Director of Region 22 of the Board for investigation.

---

[1] The portion of the charge in Case 22-CA-257539 alleging that the Respondent discriminated against bargaining unit employees because of their NLRB activity, in violation of Section 8(a)(1) and (4) of the Act, was withdrawn.

(b)    On July 28, 2020, upon said charges, the General Counsel of the Board, on behalf of the Board, by the Regional Director of Region 22, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing ("Complaint") pursuant to Section 10(b) of the Act, alleging *inter alia*, that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act. A copy of the Complaint is attached hereto as Exhibit 3 and made a part hereof.

5.    On January 20 and 21, 2021, upon the charges in Board Cases 22-CA-257539 and 22-CA-259975, an Administrative Law Judge of the Board ("ALJ"), pursuant to the Board's Rules and Regulations conducted an administrative hearing on the allegations of the Complaint in this matter.

6.    Petitioner has reasonable cause to believe that the allegations of the above Complaint are true insofar as they allege that Respondent has engaged in, and is now engaging in, unfair labor practices within the meaning of Sections 8(a)(1), (3) and (5) of the Act, which unfair labor practices affect commerce within the meaning of Section 2(6) and (7) of the Act.

7.    It may fairly be anticipated that, unless enjoined, Respondent will continue and repeat the acts and conduct set forth in the Complaint referred to above in paragraphs 4 and 6, or similar acts and conduct in violation of Sections 8(a)(1), (3) and (5) of the Act. In accordance with the provisions of Section 10(j) of the Act, it is therefore essential, appropriate, just and proper, for the purpose of effectuating the policies of the Act, and avoiding substantial, irreparable and immediate injury to those policies and to the public interest, that pending final disposition of the matters involved herein pending before the

Board, Respondent be enjoined and restrained from the commission of the acts and conduct above alleged or similar acts and conduct, or repetitions thereof.

Wherefore, Petitioner prays:

A.      That the Court issue an order directing Respondent to appear before this Court through video or teleconference, at a time and place fixed by the Court and show cause, if any there be, why an injunction should not issue ordering Respondent, its officers, representatives, agents, servants, employees, and all members and persons acting in concert or participating with it, pending final disposition of the matters involved herein pending before the Board, to:

1. Cease and desist from:

(a)      Withdrawing recognition from the Union;

(b)      Failing to bargain with the Union over a successor collective bargaining agreement;

(c)      Making changes to the terms and conditions of employment of the Unit employees without first notifying and affording the Union a good faith opportunity to bargain over those changes, including but not limited to terminating bargaining Unit employees and subcontracting bargaining Unit work;

(d)      Refusing to provide the Union with information requested on March 2 and 3, 2020, which is necessary and relevant to the termination of the Unit employees and the subcontracting of Unit work; and

(e)      In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act.

2. Take the following affirmative action to restore the *status quo ante*:

(a)     Within five (5) days of the issuance of the District Court's Order, restore to bargaining unit employees all bargaining unit work currently being performed by non-bargaining unit employees. To the extent unit work exists at the time of the Order, Respondent shall, within five (5) days, offer, in writing, the discriminatees interim reinstatement to their former positions; or, if that position no longer exists, to a substantially equivalent position without prejudice to seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employees who may have been hired or reassigned to replace them. To the extent it may be impossible to offer reinstatement within five (5) days to all employees due to reduced work levels, discriminatees not immediately offered reinstatement shall be offered reinstatement to their former positions from a preferential hiring list as those positions become available;

(b)     Immediately recognize and, upon request, immediately bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Unit;

(c)     Rescind all unilateral changes and return to the *status quo ante*;

(d)     Upon request, engage in good faith bargaining with the Union over (1) the unilateral changes made to employees' terms and conditions of employment including the termination of all Unit employees and the subcontracting of Unit work; and (2) a collective bargaining agreement;

(e)     Provide the Union with the information it requested in letters dated March 2 and 3, 2020;

(f)     Hold one or more mandatory employee meetings, on working time and at times when Respondent customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, albeit with proper social distancing measures due to the COVID-19 pandemic, at which the Court's Order will be read to the bargaining unit employees by a responsible official of Respondent in the presence of a Board agent or, at Respondent's option, by a Board agent in the presence of a responsible official of Respondent; (ii) announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting of employees; and (iii) require that all employees of the unit attend the meeting(s).

If the facility involved in these proceedings is open and Respondent has filled at least half of the bargaining unit employee positions as existed on February 29, 2020, the Order must be read within 10 (ten) days after the Order issues. If the facility involved in these proceedings is closed or not staffed by a substantial complement of employees due to the COVID-19 pandemic, the Order must be read within 14 days after the facility reopens and Respondent has filled half of the bargaining unit employee positions as existed on February 29, 2020; but regardless of staffing level, the Order must be read no later than 90 days after the issuance of the District Court's Order;

(g)      Within five (5) days of issuance of the Order, post copies of the District Court's Order at Respondent's North Bergen, New Jersey hotel facility where notices to employees are customarily posted and maintain such postings free from all obstructions and defacements during the pendency of the Board's administrative proceedings, and mail copies of the same to all unit employees employed on February 29, 2020; and

(h)      Within twenty (20) days of issuance of the District Court's Order, file with the Court, with a copy to the (Acting) Regional Director of Region 22, a sworn affidavit from a responsible official of Respondent setting forth with specificity the manner in which Respondent has complied with the terms of this decree, including how and when it posted the documents required by this Order.

3.      That upon return of the Order to Show Cause, the Court issue an order enjoining and restraining Respondent in the manner set forth above.

4.      This Order shall expire six months from the date of its issuance; provided however, that Petitioner may, upon motion, request a thirty day extension of this Order if it appears that the decision of the Board's ALJ in the underlying unfair labor practice Complaint in Cases 22-CA-257539 and 22-CA-259975 is imminent. Provided further, that after the issuance of said decision of the ALJ, upon motion of Petitioner, this Order may be extended, pending the Board's final decision, for an additional period not to exceed six months from the date of the ALJ's decision; provided further, that Petitioner may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the Board on the underlying unfair labor practice complaint is imminent.

Dated at Newark, New Jersey
March 16, 2021.

/s/ Richard Fox
_____
Richard Fox
Acting Regional Director
National Labor Relations Board
Region 22
20 Washington Place, 5th Floor
Newark, New Jersey 07102