**Not for publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RICHARD FOX, *Acting Regional Director of Region 22 of the National Labor Relations Board for and on behalf of the National Labor Relations Board*,

      *Petitioner*,

v.

ARBAH HOTEL CORP., d/b/a MEADOWLANDS VIEW HOTEL,

      *Respondent*.

Civil Action No. 21-5479

**CONTEMPT OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Pending before the Court is the issue of whether Mark Wysocki, Respondent's Vice President, is in contempt of this Court's injunctive order and the subsequent orders extending it. D.E. 15; D.E. 27; D.E. 32; D.E. 39. The Court has considered the parties' submissions[1] and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the Court finds Wysocki to be in contempt.

**I.    BACKGROUND**

    The Court incorporates by reference the extensive factual findings described in its May 13, 2022 verbal opinion holding Respondent in contempt, D.E. 51, and reviews the record to the extent necessary to resolve the instant inquiry.

---

[1] The submissions are Petitioner's brief in support, D.E. 47, and Respondent's opposition, D.E. 52.

This matter was initiated by Petitioner Richard Fox, on behalf of the National Labor Relations Board, on March 16, 2021. D.E. 1. The Court thereafter granted Petitioner's request for a preliminary injunction. D.E. 15 ("the Order"). The Court extended the Order on multiple occasions, and it remains in effect. D.E. 27; D.E. 32; D.E. 39.

On March 15, 2022, Petitioner moved to hold Respondent in contempt, arguing that Respondent had violated the Order. D.E. 28. After reviewing the parties' submissions and hearing oral argument, the Court made extensive factual findings on the record and issued an oral opinion and order—later memorialized, D.E. 48—holding Respondent in civil contempt of the Order. D.E. 51. At the conclusion of the hearing, the Court voiced its concerns regarding the conduct of Respondent's Vice President, Wysocki. *Id.* The Court directed the parties to brief the appropriateness of holding Wysocki in contempt and subjecting him to the same penalties imposed on Respondent. *Id.* The parties then filed their submissions. D.E. 47; D.E. 52.

**II.     Standard of Review**

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quoting *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)). "[A]mbiguities must be resolved in favor of the party charged with contempt." *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). "Although courts should hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct, an alleged contemnor's behavior need not be willful in order to contravene the applicable

decree[.]" *FTC v. Lane-Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (internal quotation marks and citation omitted). "In other words, 'good faith is not a defense to civil contempt.'" *Id.* (quoting *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

"Civil contempt sanctions are designed either to compensate the injured party or to coerce the defendant into complying with the court's order." *Sec'y of Lab. v. Altor, Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019) (citation omitted). Accordingly, a potential contemnor may also defend itself "by coming forward with evidence showing that it is unable to comply with the order in question." *Altor*, 783 F. App'x at 171 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). "The alleged contemnor must 'introduce evidence beyond a mere assertion of inability, and [] show that it has made in good faith all reasonable efforts to comply.'" *Altor*, 783 F. App'x at 171 (alteration in original) (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1324 (1995) (internal quotation marks omitted)).

**III.    Analysis**

This Court has already found by clear and convincing evidence that Respondent is in contempt of the Order. D.E. 48; D.E. 51. Petitioner argues that this Court has the authority under Federal Rule of Civil Procedure 65(d) to also hold Wysocki in contempt. D.E. 47 at 11 & n.8. Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Fed. R. Civ. P. 65. Subsection (d)(2) provides that an order that grants an injunction "binds only the following who receive actual notice of it by personal service or otherwise: the parties; the parties' officers, agents, servants, employees, and attorneys' and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (b)." Fed. R. Civ. P. 65(d)(2)-(A)(C).

Petitioner explains that if a corporate officer or other individual charged with corporate affairs has notice of a court order and fails to ensure that the corporation complies with the order,

3

that person may be held in contempt. D.E. 47 at 11-12 (citations omitted). The Court agrees. "Whether a party may be held in contempt by an injunction is governed by Federal Rule of Civil Procedure 65(d)[.]" *Marshak*, 595 F.3d at 486. Rule 65(d) stems from the common-law doctrine that an injunction not only binds parties "'but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control.'" *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179 (1973) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)). Courts have further found that "non-parties 'guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the injunction . . . may be held in contempt.'" *Marshak*, 595 F.3d at 486 (quoting *Savarese v. Agriss*, 883 F.2d 1194, 1209 (3d Cir. 1989) (alteration in original)). As a result, "corporate officers may be held in contempt for failure to undertake corporate action compelled by a court order since a corporation is limited to the actions of its agents." *N.J. Bldg. Laborers Statewide Pension Fund & Trs. Thereof v. Torchio Bros., Inc.*, No. 08-552, 2009 WL 368364, at *1 (D.N.J. Feb. 11, 2009) (citing *Wilson v. United States*, 221 U.S. 361, 376-77 (1911)). Respondent offers no contrary law, nor does it argue that Wysocki is not amenable to being held in contempt as an officer of Respondent or one who aided or abetted its culpable actions.

      The Court finds that Wysocki is an officer of Respondent within the meaning of Federal Rule of Civil Procedure 65(d)(2)(B) and is, based on the evidence, responsible for its culpable actions. During the hearing on May 13, the Court found it "clear . . . that Mr. Wysocki has been acting in conjunction with the entity as the entity's main voice." D.E. 51 at 23:21-23; *see also id.* at 14:20-22 (the Court stating "the respondent, through Mr. Wysocki, decided that he could determine whether he was going to comply with the Court's order or not. Of course that's not how court orders are enforced."). Respondent's latest submission identifies Wysocki as "a responsible

Respondent official[.]" D.E. 52 at 1. He certifies that "Arbah's owner, Steve Silverberg, designated me as his power of attorney. Arbah has no other officers." D.E. 52-1 ¶ 6. Earlier submissions, including one submitted by Wysocki himself in this litigation, identify him as "Vice President of Arbah Hotel Corp." D.E. 33 at 7.

Respondent does not argue that Wysocki did not have "actual knowledge of the order which he is alleged to have disobeyed[,]" *N.J. Bldg. Laborers' Statewide Benefit Funds v. Ne. Constr. Enters., Inc.*, No. 09-2040, 2009 WL 4666873, at *2 (D.N.J. Dec. 8, 2009), nor that service was improper, *see* Fed. R. Civ. P. 65(d)(2) (stating that an "order binds only" those "who receive actual notice of it *by personal service* or otherwise[]") (emphasis omitted). The Court finds, consistent with Federal Rule of Civil Procedure 65(d)(2)(B), that Wysocki's position as Respondent's Vice President and his direct conduct and actions in the underlying transactions and occurrences render him subject to the contempt order.

The Court proceeds to the three-part inquiry set forth in *Marshak*. The Order is valid, satisfying the first factor. *See Marshak*, 595 F.3d at 486 ("As we have frequently stated, a party who is alleged to be in contempt of a court order may not challenge the substantive merits of that order within contempt proceedings."). Nor does Respondent dispute that Wysocki had notice of the Order, satisfying the second factor.[2]

To the extent that Respondent's arguments are responsive to the inquiry, they potentially speak to the third factor: Wysocki's obedience, or lack thereof, to the Order. Yet, Respondent

---

[2] Wysocki attended multiple telephone conferences with the Court. *E.g.*, D.E. 19 at 3:15 (prior defense counsel advising the Court that Wysocki was observing oral argument held on May 7, 2021); D.E. 32 at 2 n.1 ("As discussed during the teleconference, which Mr. Mark Wysocki attended, Mr. Shivas shall provide a copy of this Order to Mr. Wysocki."). Wysocki himself, as opposed to counsel, initially filed opposition to the motion to hold Respondent in contempt. D.E. 33. He participated in a telephone conference before he retained new counsel for Respondent. D.E. 37; D.E. 38. There is no doubt that Wysocki was aware of the Order.

does not argue that Wysocki complied with the Order but that he has taken the steps to purge Respondent of contempt. *See* D.E. 52 at 1 ("Please accept the attached Certification of Mark Wysocki in accordance with this Court's Order filed May 31, 2022, which requires that Respondent submit a sworn affidavit by a responsible Respondent official, setting forth with specificity the manner in which the Respondent has complied with the terms of *that* Order.") (emphasis added). That argument is inapposite. The issue before the Court is not whether Respondent has now purged itself of contempt. Instead, the Court must decide whether Wysocki is also liable for Respondent's contempt in the first instance. Wysocki's certification almost entirely attests to conduct that he certifies took place *after* the Court issued its oral opinion. *E.g.*, 52-1 ¶¶ 2-5, 7. The evidence of Wysocki's actions in furthering Respondent's contempt is undeniable. D.E. 51 (explaining the Court's findings). Indeed, the record reflects that only Wysocki is responsible for Respondent's contempt. The Court finds the third factor identified by *Marshak* to be satisfied.

"It has long been established that district courts have broad powers to fashion remedial relief in civil contempt proceedings." *In re Arthur Teacher's Franchise Litig.*, 689 F.2d 1150, 1158 (3d Cir. 1982). In the hearing on May 13, 2022, which Wysocki attended, the Court indicated that it was contemplating subjecting Wysocki "to the same penalties and remedies" imposed on Respondent. D.E. 51 at 23:25-24:1.

For the foregoing reasons, and for good cause shown,

It is on this 30th day of June, 2022, hereby

**ORDERED** Mark Wysocki, Respondent's Vice President, is adjudged to be in civil contempt of the Order Granting a Temporary Injunction, D.E. 15, and as thereafter extended, D.E. 27; D.E. 32; D.E. 39; and it is further

**ORDERED** that Mark Wysocki is jointly and severally for the $10,000 prospective noncompliance fine, D.E. 48 at 3; and it is further

**ORDERED** that Mark Wysocki shall individually and additionally (not jointly and severally with Respondent) pay the daily noncompliance fines, D.E. 48 at 3, until Wysocki and Respondent have purged themselves of contempt.

_____
John Michael Vazquez, U.S.D.J.